IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CURTIS L. AHMORAE, #20989-075, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0813 |
| ) | |
| DAVIDSON COUNTY SHERIFF'S OFFICE ) | Chief Judge Sharp |
| and SHERIFF DARON HALL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Curtis Ahmorae, a federal prisoner incarcerated at FCI Manchester, Kentucky, has filed a civil rights complaint under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Sheriff Daron Hall. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.  Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     Factual Allegations

In his complaint, the plaintiff alleges that he is Muslim and was housed at the Davidson County Sheriff's Office during Ramadan in July 2014. On July 17, 2015, he received his Ramadan meal. After taking a few bites of the meat patty on his tray, he realized it tasted and smelled spoiled. He contacted the officer on duty, Charles Sudduth. The officer took his tray away and told him that it would be replaced if there was more food available. The plaintiff states the tray was not replaced and he was not able to eat dinner that night. The plaintiff disputes the officer's explanation that no replacement tray or other food was available.

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff claims that his constitutional rights were violated when he was deprived of a meal on one occasion in July 2014, during Ramadan. The Court construes the complaint as attempting to state a claim based on a violation of the First Amendment's free-exercise clause and the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment.

### A.     Alleged Eighth Amendment Violation

The Supreme Court has held that the Eighth Amendment protects prisoners by requiring that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer*

*v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim has both an objective component (Was the deprivation sufficiently serious?), and a subjective component (Did the officials act with a sufficiently culpable state of mind?). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

It is well established that a prisoner's experience of missing a meal on an isolated occasion does not constitute an Eighth Amendment violation where the meals the prisoner is provided are sufficient to maintain normal health. *See, e.g.*, *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (prisoner's allegation that he was provided only one meal a day for fifteen consecutive days did not give rise to an Eighth Amendment violation where the one meal he did receive on those days provided sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (holding that missing seven meals over the course of six days "did not rise to the level of an Eighth Amendment violation"); *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 WL 5866453 (W.D. Ky. Nov. 19, 2012) (holding that pretrial-detainee plaintiffs who alleged they missed one meal failed to state a claim under the Fourteenth Amendment, referencing the Eighth Amendment standard); *Cagle v. Perry*, No. 9:04–CV–1151, 2007 WL 3124806, at * 14 (N.D.N.Y. Oct. 24, 2007) (finding that the "*two* meal deprivations that Plaintiff presumably experienced . . . were not sufficiently numerous, prolonged or severe to rise to the level of an Eighth Amendment violation"); *Waring v. Meachum*, 175 F. Supp. 2d 230, 240–41 (D. Conn. 2001) (finding no Eighth Amendment claim where the plaintiffs did not allege that they did not receive nutritionally adequate meals during lockdown, although one inmate observing Ramadan received meals late, causing him to go almost 24 hours without food, and on two occasions did not receive his bagged meal, and another inmate's Ramadan meal was confiscated on one occasion, causing him to go 32 hours without food). The Court therefore finds that the plaintiff's missing one meal on one occasion is not a sufficiently serious deprivation to rise to the level of an Eighth Amendment violation.

    **B.**    **Alleged First Amendment Violation**

Inmates retain the First Amendment right to free exercise of religion. *Turner v. Safley*, 482 U.S. 78, 84 (1987). In addition, a prisoner has a clearly established right under the Free-Exercise Clause of the First Amendment to "a diet consistent with his . . . religious scruples," including proper food during

Ramadan. *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir. 2003). Notwithstanding, to allege a violation of his rights under the First Amendment based on prison officials' failure to provide a proper diet during Ramadan, a prisoner must allege facts suggesting that the prison's actions "substantially burdened his sincerely held religious beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010). An action will be classified as a substantial burden "when that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (quoting *Sherbert v. Verner*, 374 U.S. 398, 404 (1963)).

In this case, the plaintiff's allegation that he missed one meal during Ramadan does not establish a violation of his rights under the First Amendment. The plaintiff does not suggest that this isolated action effectively forced him to choose between following his religion and forfeiting benefits or that it placed substantial pressure on him to modify his behavior. Again, he has not shown that his health or wellbeing was compromised by missing one meal. *Cf. Green v. Tudor*, 685 F. Supp. 2d 678 (W.D. Mich. 2010) (serving prisoners cold food during Ramadan did not violate their First Amendment rights); *Greenberg v. Hill*, 2:07-CV-1076, 2009 WL 890521, at *7–8 (S.D. Ohio Mar. 31, 2009) (finding no substantial burden where Jewish inmate celebrating Passover was deprived of two of eight Passover meals, because "[i]solated incidents do not rise to the level of constitutional violations").

The Court finds that the plaintiff's allegations, even if true, fail to support a claim under § 1983 based on a violation of his rights under the First Amendment.

For the reasons set forth herein, the complaint will be dismissed in its entirety for failure to state a claim under 42 U.S.C. § 1983 for which relief may be granted. An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court