IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CURTIS L. AHMORAE, #20989-075,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0813 |
| ) | |
| **DAVIDSON COUNTY SHERIFF'S OFFICE** ) | Chief Judge Sharp |
| **and SHERIFF DARON HALL,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Curtis Ahmorae, an inmate in federal custody at FCI Manchester, filed a complaint under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Sheriff Daron Hall based on an event that occurred in July 2014 when the plaintiff was housed in the Davidson County Sheriff's Office. Before the Court is the plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) Because it appears from the plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, the application to proceed as a pauper is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The Warden of FCI Manchester, as custodian of the plaintiff's prison trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Warden of FCI Manchester to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the Administrator must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All

2

payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In accordance with the Memorandum filed herewith, this action is **DISMISSED** with prejudice on the basis that it fails to state a claim under 42 U.S.C. § 1983 for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

*Kevin H. Sharp*
KEVIN H. SHARP
Chief Judge
United States District Court